UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS SHELTON, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-3805 |
| | § | |
| FLAGSTAR BANK, F.S.B., | § | |
|     *Defendant*. | § | |

## ORDER

This declaratory judgment action seeking to preclude foreclosure is before the court on defendant's motion to dismiss for failure to state a claim (Dkt. 3). The motion is denied.

## Background

According to the allegations in his state court original petition, Marcus Shelton borrowed $154,100.00 from Beazer Mortgage Corporation to purchase his home in Spring, Texas. On September 27, 2007, Shelton signed a promissory note secured by a deed of trust on the property. At some point thereafter, Shelton began making payments to Flagstar, believing it to be the current owner and holder of the note and deed of trust.

Shelton fell behind on payments and sought a loan modification in 2010. When he learned that his home was in foreclosure status, he hired counsel and made a request for validation of the debt. Flagstar responded that it is the loan servicer authorized to initiate foreclosure.

Shelton sued Flagstar on September 22, 2011 in the District Court of Montgomery County Texas seeking (i) a declaratory judgment that Flagstar is not the holder of the note

on his property; (ii) a permanent injunction preventing Flagstar from foreclosing on the property; and (iii) damages for Flagstar's gross negligence and fraudulent lien which caused his homestead to be posted for foreclosure. Flagstar timely removed the case to this federal court based on diversity jurisdiction and moves to dismiss Shelton's case in its entirety for failure to state a claim.[1]

**Motion to Dismiss Standards**

The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

**Analysis**

---

[1] The court denied plaintiff's motion to remand (Dkt. 11).

***Declaratory judgment and injunction claims.*** Shelton's claims are based on his assertion that Flagstar is not authorized to foreclose on his house. Flagstar characterizes Shelton's claim as based on the discredited "show-me-the-note" theory. *See Millet v. JP Morgan Chase, N.A.*, Civil Action No. SA-11-CV-1031, 2012 WL 1029497 *2-3 (W.D. Tex. Mar. 26, 2012) (gathering cases rejecting the theory).

The court recognizes that Texas is a non-judicial foreclosure state, and that a mortgage servicer may initiate foreclosure proceedings. "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations. The right to recover on the note and the right to foreclose are severable and may be enforced separately." *Wells v. BAC Home Loans Serv. L.P.*, Civil Action No. W-10-CA-00350, 2011 WL 2163987 *2 (W.D. Tex. April 26, 2011) (citations omitted). While suits on a promissory note typically require possession of the note, foreclosures do not. "Under Texas Law, a mortgage servicer can foreclose under a deed of trust, regardless of whether it is a holder." *Id.* at *3. A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." TEX. PROP. CODE ANN. § 51.0001(3). A mortgage servicer may administer the foreclosure on behalf of a mortgagee if (1) there is a servicing agreement between the mortgagee and the mortgage servicer, and (2) the servicing agreement is disclosed to the mortgagor with the other notices required for a non-judicial foreclosure under section 51.002(b). TEX. PROP. CODE ANN. § 51.0025.

Flagstar contends that it has the authority to conduct the foreclosure sale because it "was at all relevant times either the 'holder' or servicer of the applicable loan." Dkt. 3 at 4. Shelton's complaint essentially alleges that Flagstar has no standing to foreclose because it is neither. His claim is not merely "show me the note;" it is "show me your authority to foreclose."

The attachments to Shelton's original petition indicate significant confusion regarding the identity of the current mortgagee.[2] Shelton executed a promissory note and deed of trust in favor of the original lender, Beazer Mortgage Company, on September 27, 2007. Dkt. 1-4 at 16-30. Flagstar claims that Beazer then endorsed the note over to Flagstar, and there is a copy of the note bearing that endorsement. *Id.* at 17. However, there is another copy of the note in Flagstar's files with that endorsement stamped as "void." *Id.* at 48. Flagstar also points to an assignment of the deed of trust from Beazer to Flagstar, effective September 27, 2007. *Id.* at 35. Yet there is a second assignment of the deed of trust from MERS back to Beazer, executed on January 4, 2011, the date of the scheduled foreclosure. *Id.* at 63.[3] Shelton also has attached a transcript of a January 7, 2011 telephone conversation with a Flagstar representative acknowledging that its own records showed Beazer to be the current

---

[2] Documents that a plaintiff attaches to his complaint and are central to his claims are properly considered on a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] Adding to the confusion is the fact that Sharon Morgan executed this assignment of deed of trust as Vice President of MERS, while less than a month earlier she purportedly authorized the appointment of substitute trustee as Asst. Vice President of Flagstar. Dkt. 1-4 at 60, 63.

mortgagee. *Id.* at 56-57. To top it all off, a record search of MERS and Fannie Mae databases as of December 21, 2010 showed *Fannie Mae* as the owner of the note, rather than either Flagstar or Beazer. *Id.* at 50-52. At this point, Flagstar is merely one of three possible contenders for the status of current mortgagee for this property.[4]

Flagstar's alternative contention – that its right to foreclose as mortgage servicer is beyond plausible challenge – founders on the same rock. Texas law defines a mortgage servicer as "the last person to whom a mortgagor has been instructed by the *current mortgagee* to send payments for [the secured debt]." TEX. PROP. CODE ANN. § 51.0001(3) (emphasis added). So the mere fact that Flagstar may at some point have acted as mortgage servicer for a previous mortgagee does not mean that it now has authority to service the mortgage for the *current mortgagee*. Texas law further provides that, before a mortgage servicer may administer a foreclosure on behalf of a mortgagee, "the mortgage servicer and *mortgagee* [must] have entered an agreement granting the current mortgage servicer authority to service the mortgage," and notice of that agreement must be given to the debtor. *Id*. at § 51.0025 (emphasis added). Thus, if the current mortgagee is unknown or subject to dispute, then the current mortgage servicer will likewise be in doubt. And that is certainly the case

---

[4] In its reply to plaintiff's response, Flagstar submitted what purports to be a clean endorsement of the note from Beazer (Dkt. 10-1). Actually, the page in question contains two stamped endorsements to Flagstar, only one of which purports to be signed by an agent of Beazer. That endorsement is undated, unauthenticated, and appears on a separate page without any reference to the note to which it is purportedly affixed. More important for current purposes, this putative endorsement is outside of the complaint and not properly considered on this motion to dismiss.

here. Flagstar does not contend that it has entered a servicing agreement with either Beazer or Fannie Mae. On the contrary, Flagstar contends that it is servicing the agreement on its own behalf, and not on behalf of another entity. If Shelton is correct that Flagstar is not the current mortgagee, then by definition it is not the current mortgage servicer either, and consequently has no authority to foreclose on the property. *See De Fransheschi v. BAC Home Loans Serv., LP*, No. 3:09-CV-1667-K, 2011 WL 1456849 *3 (N.D. Tex. Apr. 14, 2011) (fact issues existed as to whether BAC was a mortgage servicer acting as agent of mortgagee).

***Fraudulent lien and gross negligence.*** Shelton alleges that Flagstar filed an Appointment of Substitute Trustee (Dkt. 1-4 at 60) in violation of Texas Civil Properties and Remedies Code § 12.002. Section 12.002 creates liability for knowingly filing a "fraudulent court record or fraudulent lien or claim against real property" with the intent to cause another person harm.

Shelton alleges that Flagstar's breach of its duty to maintain accurate records constitutes gross negligence. In addition to the elements of basic negligence, a claim of gross negligence requires proof of "an extreme degree of risk" and "conscious indifference" by the defendant. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)).

Flagstar points out that Shelton did not address these claims in his response to the motion to dismiss. However, Shelton did ask that if the court were inclined to grant the motion to dismiss, he first be granted leave to amend. Flagstar's motion to dismiss these

claims will be denied. Shelton may file an amended complaint within 14 days of issuance of this order to either eliminate or replead these causes of action.

**Conclusion and Order**

For the reasons discussed above, Flagstar's motion to dismiss (Dkt. 3) is denied. Shelton shall file an amended complaint on or before 14 days from entry of this order.[5]

Signed at Houston, Texas on April 12, 2012.

Stephen Wm Smith
United States Magistrate Judge

---

[5] This ruling is without prejudice to a further motion to dismiss as to fraudulent lien and gross negligence claims only if they are included in the amended complaint.